**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shalonda V Leggett, | No. CV-25-01302-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Nebraska Department of Health and Human Services, et al., | |
| Defendants. | |

Plaintiff Shalonda V. Leggett is the owner of the D&S Center for Intellectual and Developmental Disabilities ("D&S"), which previously provided medical services in Nebraska. (Doc. 6 at 2.) In 2020, Nebraska excluded D&S and Leggett from participating in Medicaid. Leggett alleges that exclusion violated her constitutional rights and brings claims against the Nebraska Department of Health and Human Services ("DHHS"), some of its divisions, and what appear to be six of its employees in their official and individual capacities (collectively, "defendants"). (*See* Docs. 6, 37 at 1–3.) She also claims a lawsuit the defendants filed against her in Nebraska constituted an abuse of process. (Doc. 6 at 16–17.) Defendants move to dismiss the complaint on numerous grounds, including improper venue. The District of Arizona is not the proper venue for this lawsuit, so Leggett's complaint is dismissed without leave to amend.

**I.    Background**

Leggett's complaint is difficult to follow but it appears this suit centers on the State of Nebraska excluding Leggett and D&S from participating in Medicaid. *See Guzman v.*

*Shewry*, 552 F.3d 941, 950 (9th Cir. 2009) (discussing exclusion of physician from Medicaid). The exact sequence of events is hard to discern, but the most crucial events appear to be the following.

As of December 2019, Leggett was living and working in Nebraska and "under medical care for a high-risk pregnancy." (Doc. 6 at 5.) That month, DHHS demanded records from either D&S or Leggett despite knowing the documents were unavailable. (Doc. 6 at 5.) On February 3, 2020, "DHHS issued a termination letter to D&S." (Doc. 6 at 4.) And on May 15, 2020, DHHS "issued [Leggett] a personal exclusion letter." (Doc. 6 at 6.) That exclusion "was based solely on her affiliation with the business – not on any personal misconduct, fraud, or negligence." (Doc. 6 at 6.) Excluding Leggett meant she was placed on Nebraska's "Excluded Providers List." (Doc. 6 at 17.) Leggett alleges being on that list "prevents her from obtaining employment in any Medicaid-funded setting, pursuing licensure in related fields, or restoring her personal credibility." (Doc. 6 at 21.)

In August 2020, Leggett moved to Arizona. (Doc. 6 at 7.) In May 2021, "the Nebraska Attorney General's Office filed a lawsuit against [her] individually to recover Medicaid overpayments owed by [D&S]." (Doc. 6 at 15.) That suit was filed in Nebraska state court and it appears Leggett was served in Arizona. (Doc. 6 at 10.) Leggett filed a motion to dismiss and "the State voluntarily dismissed the case." (Doc. 6 at 9.) Leggett alleges that suit was intended to "intimidate" her and "retaliate against her for challenging [DHHS's] decisions," although it is not clear what Leggett did to challenge DHHS's decision before the lawsuit was filed. (Doc. 6 at 9.)

In December 2023, July 2024, and March 2025, Leggett sent "formal requests" to DHHS to be removed from the Excluded Providers List. (Doc. 6 at 18.) DHHS responded to each request by issuing a denial "stating only that the request had been 'reviewed' and [Leggett] 'will not be removed at this time.'" (Doc. 6 at 18.)

In April 2025, Leggett filed this suit under 42 U.S.C. § 1983 alleging defendants' actions violated her rights under the First, Fourth, and Fourteenth Amendments. (Doc. 6 at 2-3.) Leggett also brings a claim for abuse of process based on the lawsuit the Nebraska

Attorney General's Office brought against her. (Doc. 6 at 15.) Shortly after filing her complaint, Leggett filed a motion for expedited discovery and her first motion for preliminary injunction. (Docs. 28, 29.) The court did not resolve the request for expedited discovery but denied the motion for preliminary injunction based on Leggett's representations that she needed to obtain discovery to support her claims. (Doc. 31.) Three days after that denial, Leggett filed a second motion for preliminary injunction, presenting additional evidence she believed was sufficient to support her request for relief. (Doc. 32.) All defendants then appeared and moved to dismiss on numerous grounds, including improper venue. Because venue is improper, the court need not reach any of defendants' alternative arguments.

## II.    Legal Standard

"A venue challenge may be raised by a motion under Federal Rule of Civil Procedure 12(b)(3)." *Tech. Credit Corp. v. N.J. Christian Acad., Inc.*, 307 F. Supp. 3d 993, 1000 (N.D. Cal. 2018). Rule 12(b)(3) "allow[s] dismissal only when venue is 'wrong' or 'improper.'" *Atlantic Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws," *id.*, "and the question whether venue is proper generally is governed by 28 U.S.C. § 1391." *Tech. Credit Corp.*, 307 F. Supp. 3d at 1000. The plaintiff bears the burden of showing venue is proper. *Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1080–81 (C.D. Cal. 2024) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

## III.    Analysis

Leggett's venue argument is based exclusively on 28 U.S.C. § 1391(b)(2). (Docs. 6 at 3, 37 at 7.) That provision renders venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). Leggett acknowledges her "original exclusion [from Medicaid] occurred in Nebraska," but notes she "has been a resident of Arizona since 2020." (Doc. 6 at 4.) She alleges the effects of her Medicaid exclusion "continue to impact [her] life, livelihood, and

liberty in Arizona[,]" which she claims establishes venue is proper in Arizona. (Doc. 6 at 4.) But, as stated, the relevant question for the § 1391(b)(2) analysis is whether "a *substantial* part of the events or omissions giving rise to the claim occurred" in this district. *Id.* (emphasis added). That inquiry "focuses on the defendant's activities, not the plaintiff's[,]" during the "entire sequence of events underlying the claim." *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (quotations omitted). Arizona is not the location of a substantial part of the crucial events that gave rise to Leggett's claims.

"To determine whether a substantial part of the events giving rise to the claim occurred in the forum, the court first considers what acts or omissions by the defendants give rise to the plaintiffs' claims." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017) (citation and quotations omitted), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). Here, almost all the acts that gave rise to Leggett's claims occurred in Nebraska. For one, she acknowledges Nebraska DHHS put her on the Medicaid exclusion list in Nebraska. (Doc. 6 at 4.) Although she claims every denial of reinstatement and monthly republication of her exclusion status "result[ed] in renewed injury to her in Arizona[,]" defendants are issuing those denials and republications in Nebraska. Although she receives the "mailed regulatory threat[s]" in Arizona, the letters are sent from Nebraska, by Nebraska DHHS, concerning Leggett's Nebraska activities. And the lawsuit Nebraska served her with in Arizona concerns Leggett's conduct in Nebraska. Defendants' acts giving rise to Leggett's claims therefore occurred in Nebraska, not Arizona. *See Rene v. Godwin Gruber, LLP*, No. C05-0770 MJP, 2005 WL 1871117, at *1 (W.D. Wash. Aug. 2, 2005) (venue is proper when the events in the forum state are "substantial, have a nexus with the claims alleged, and reflect Defendants['] activities, not those of the plaintiff").

The locus of a plaintiff's injury may be one relevant factor contributing to venue under § 1391(b)(2). *See Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1076 (9th Cir. 2001) (holding for certain types of claims, the state in which an injury is felt may be a proper venue because "a substantial portion of the events giving rise to the claim" occurred there). But Leggett's original injury—being put on the Excluded Providers List—was suffered in

Nebraska. To the extent Leggett believes she suffers "renewed injury" in Arizona every time the list is republished (Doc. 37 at 7), she is alleging only a harm derivative of the primary injury, which does not give rise to venue in a different district from where the tort was committed. *See Martensen v. Koch*, 942 F. Supp. 2d 983, 998 (N.D. Cal. 2013) (rejecting argument that venue was proper based on continuing harm suffered in the forum state), *on reconsideration in part*, No. C-12-05257 JSC, 2013 WL 4734000 (N.D. Cal. Sept. 3, 2013). As a result, she has not established venue is proper here under § 1391(b)(2) solely because her name was republished on the Excluded Providers List after she moved to Arizona.

Nor does the fact defendants served Leggett process in Arizona establish venue under § 1391(b)(2) because the events underlying defendants' lawsuit arise from Leggett's actions in Nebraska and the lawsuit was filed in Nebraska. (*See* Doc. 6 at 10.) Even where a plaintiff alleges an abuse-of-process claim as Leggett does here, the mere "act of serving process" for an out-of-forum lawsuit "is insufficient to constitute a 'substantial part' of [the] claims." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 753 (N.D. Cal. 2015); *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1144 (9th Cir. 2017) (for personal jurisdiction, communications that were "component parts" of out-of-forum lawsuit and "occurred [in the forum district] only because it happened to be where plaintiffs resided" were harms tied directly to out-of-forum state). Service alone, even for an allegedly-abusive lawsuit, does not establish a "substantial part of the events" giving rise to Leggett's claims occurred in Arizona. 28 U.S.C. § 1391(b)(2).

Leggett's complaint does not allege a substantial portion of the events or omissions giving rise to her claims occurred in Arizona. (*See* Doc. 6.) Accordingly, she does not establish venue is proper in this district.

### IV. Conclusion

Leggett has not met her burden of establishing venue is proper here. When venue is improper, the decision of whether to dismiss or transfer the case "rests within the discretion of the trial court." *Big Island Yacht Sales, Inc. v. Dowty*, 848 F. Supp. 131, 134 (D. Haw.

- 5 -

1993). The Ninth Circuit has "adopted the position that a court should dismiss a case absent a positive showing on the part of the movant that a transfer of the case would be 'in the interest of justice.'" *Id.* Leggett has not argued this case should be transferred, so the court will dismiss rather than transfer. *See id.* at 134–35 (declining to transfer the case in part because the plaintiff had "set forth no reasons why the case should be transferred instead of dismissed"). Leggett's requests for early discovery and for a preliminary injunction are denied as moot.

Accordingly,

**IT IS ORDERED** defendants' motion to dismiss (Doc. 33) is **GRANTED**. The amended complaint (Doc. 6) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close this case.

**IT IS FURTHER ORDERED** plaintiff's motion for expedited discovery (Doc. 29) and for a preliminary injunction (Doc. 32) are **DENIED** as moot.

Dated this 8th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge